# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TONY SHERMAN,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:09-CV-01411-KJD-(RJJ)

**ORDER**

    Petitioner has submitted a second amended petition (#20). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to file a further amended petition.

    The court instructed petitioner to file a second amended petition because his allegations in his original petition (#3) were too vague and conclusory, lacking specific facts, particularly in comparison to his state post-conviction habeas corpus petition.[1]

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Mayle v. Felix, 545 U.S. 644, 649 (2005)

> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be

---

[1] Petitioner withdrew (#15) his first amended petition (#12) before the court reviewed it.

> ordered to "show cause why the writ should not be granted." § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading.  If the court orders the State to file an answer, that pleading must "address the allegations in the petition."  Rule 5(b).

Id at 656.  "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."  James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

   The second amended petition (#20) suffers from the same problem.  Petitioner presents seven claims that trial counsel provided ineffective assistance, plus a claim that the cumulative effect of counsel's errors justify relief.  A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.  Petitioner's allegations, which the court will reproduce in full, do not show deficient performance or prejudice.

   First, petitioner alleges, "Trial counsel failed to sever petitioner's trial from his co-defendant.  The motion filed by trial counsel was incomplete and therefore ineffective."  Petitioner does not allege how the motion was incomplete.  If petitioner does not allege what was in the motion, and what counsel should have put into the motion, then the court cannot determine whether counsel performed deficiently or whether petitioner suffered prejudice.

   Second, petitioner alleges, "Trial counsel was ineffective for failing to investigate defenses and possible witnesses.  Specifically, witnesses that placed petitioner at another place at the time of the robbery."  Petitioner does not allege who these alibi witnesses are, nor does he allege how counsel had any knowledge of these witnesses.

   Third, petitioner alleges, "Trial counsel failed to investigate by visiting the crime scene and failed to interview witnesses and verify truthfulness of the victim's story."  Petitioner does not allege what counsel could have discovered only by visiting the crime scene.  His allegation that counsel failed to verify the truthfulness of the victim's story is vague.  Cross-examination is the method of calling into question a witness's truthfulness, but petitioner has not alleged that counsel

failed to cross-examine witnesses or, if counsel did cross-examine witnesses, how the cross-examination was deficient and prejudicial.

Fourth, petitioner alleges, "Trial counsel failed to adequately challenge the victim and police officer's testimony identifying him as one of the robbers." Petitioner does not allege how counsel actually challenged the testimonies of these two people, and he does not allege how counsel should have challenged their testimonies.

Fifth, petitioner alleges, "Trial counsel failed to adequately question the victim regarding his presence in the area and whether he had additional valuables on his person. He also failed to question the victim regarding his reasons for visiting the area." Petitioner was convicted of robbery, which, generally, "is the unlawful taking of personal property from the person of another, or in the person's presence, against his or her will, by means of force or violence or fear of injury, immediate or future, to his or her person or property, or the person or property of a member of his or her family, or of anyone in his or her company at the time of the robbery." Nev. Rev. Stat. § 200.380(1). If a person has personal property taken from him against his will by force or the threat of force, then the possession of more personal property than what was taken or the person's reason for being at that particular location are not defenses to robbery. Petitioner does not allege how any of the questions that he wanted counsel to ask would have had any effect on the jury's determination that he was guilty of robbery.

Sixth, petitioner alleges, "Trial counsel failed to make meaningful objections during trial or act as an advocate for the petitioner." Petitioner does not allege what parts of the opening statement, testimony, or arguments were objectionable but passed without objection. The court has no means of determining whether counsel acted deficiently or whether petitioner was prejudiced by the lack of objection. Also, without more specifics, petitioner's allegation that counsel failed to act as an advocate is too vague to warrant relief.

Seventh, petitioner alleges, "Trial counsel was ineffective for failing to maintain reasonable contact with [petitioner] including phone calls and visits at the county jail." Petitioner does not explain how he was prejudiced because counsel did not converse with him more frequently.

1    Petitioner will need to re-allege his eighth claim, regarding cumulative error, in his
2 third amended petition, or it will be waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).
3    IT IS THEREFORE ORDERED that the clerk of the court shall send petitioner a
4 petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner
5 shall have thirty (30) days from the date that this order is entered in which to file an third amended
6 petition to correct the noted deficiencies.  Failure to comply with this order will result in the
7 dismissal of this action.
8    IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition
9 as such by placing the phrase "THIRD AMENDED" immediately above "Petition for a Writ of
10 Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place
11 the docket number, 2:09-CV-01411-KJD-(RJJ), above the word "AMENDED."
12    DATED: August 9, 2010

_____
KENT J. DAWSON
United States District Judge